WILLIAM A. HARRISON
HARRISON LAW CENTER
1001 Bishop Street, Suite 2828
Honolulu, Hawaii 96813
(808) 523-7041
william@harrisonlawcenter.com

JONATHAN I. LOEVY*
STEVEN E. ART*
DAVID B. OWENS*
ISRAA ALZAMLI*
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, IL 60607
(312) 243-5900
*pro hac vice

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF HAWAIʻI

| | |
|---|---|
| ALBERT IAN SCHWEITZER and SHAWN SCHWEITZER,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF HAWAIʻI; DET. STEVEN GUILLERMO, DET. PAUL FERREIRA, LT. FRANCIS RODILLAS, CAPT. RAYMOND SIMAO, INV. WILLIAM PERREIRA, POLICE CHIEF BENJAMIN T. MOSZKOWICZ, DEPUTY POLICE CHIEF REED K. MAHUNA,<br><br>Defendants. | No. 1:25-cv-00025-DKW-RT<br><br>Hon. Derrick K. Watson, District Judge<br><br>Hon. Rom Trader, Magistrate Judge<br><br>PLAINTIFFS ALBERT IAN SCHWEITZER and SHAWN SCHWEITZER'S **MOTION TO APPOINT REPRESENTATIVES FOR DECEASED DEFENDANTS**<br><br>Trial Date: None |

1

## INTRODUCTION

Plaintiffs, ALBERT IAN SCHWEITZER AND SHAWN SCHWEITZER, by their undersigned attorneys, respectfully move this Court to appoint a Representative for Deceased Defendants FRANCIS RODILLAS and RAYMOND SIMAO, stating in support as follows[1]:

Plaintiffs Shawn and Ian Schweitzer allege in their complaint that they were wrongly prosecuted and convicted of the rape and murder of Dana Ireland as the result of misconduct by the Hawai'i County Police Department and its officers. Dkt. 1. Plaintiffs' civil rights claims in this case accrued after their convictions were vacated and when the charges against them were dismissed, ending the criminal case in their favor. *McDonough v. Smith*, 139 S. Ct. 2149, 2156-58 (2019); *Thompson v. Clark*, 142 S. Ct. 1332, 1338 (2022). Plaintiffs timely filed this suit against the Defendants who they allege caused their wrongful convictions for crimes they did not commit. Dkt. 1.

It was more than 30 years between when Ms. Ireland was tragically killed and when the charges against Plaintiffs were dismissed and then more time until this action was (timely) filed. In the meantime, two of the Defendant Officers named in the suit, Francis Rodillas and Raymond Simao, died.

---

[1] This motion follows the conference of counsel required by Local Rule 26.1, which took place on March 3, 2025, and whereby the parties did not reach agreement about the relief sought in this motion.

Plaintiffs' claims against the deceased defendants survive their deaths. In order to prosecute those claims, Plaintiffs now move this Court, pursuant to Hawai'i law and federal law, to appoint a representative to defend this suit in the place of deceased Defendants Rodillas and Simao.

## ARGUMENT

### I. The Claims Against Defendants Rodillas and Simao Survive Their Deaths

Plaintiffs' claims against Defendants Rodillas and Simao survive their deaths as a matter of federal law. *See In re Estate of Ferdinand Marcos, Human Rights Litig.*, 25 F.3d 1467, 1476 (9th Cir. 1994) ("A § 1983 action also survives the death of a party."); *Carlson v. Green*, 446 U.S. 14, 24 (1980) (holding that constitutional claims survive death of party).

Consistent with federal law, Hawai'i statutes likewise provide that an action for personal injury survives the death of a defendant. HAW. REV. STAT. §§ 663-4 & 663-5 (providing that personal injury actions survive the death of a defendant); *see also* HAW. REV. STAT. ANN. § 634-61 (providing that the death of a plaintiff or defendant shall not cause an action to abate); *Mitsuba Pub. Co. v. State*, 620 P.2d 771, 772 (Haw. 1980). Claims under § 1983 and Plaintiffs' pendant state-law claims are a form of personal injury claims. *See Wilson v. Garcia*, 471 U.S. 261, 278 (1985) (holding that § 1983 claims are best characterized as personal injury claims).

3

Appointing a representative to defend these claims in the place of deceased Defendants Rodillas and Simao is important for myriad reasons. Plaintiff contend they were wrongfully convicted due to these defendants' actions and would face a potential "empty chair" problem at trial if their deaths meant the jury could not consider their part in causing Plaintiffs' wrongful convictions. That is part of the reason constitutional claims survive the death of a defendant. In addition, given the suit is brought against these former offices in the scope of their employment with Hawai'i County, the financial realities necessitate the involvement of the estates who, as Plaintiffs understand it, be defended by Corporation Counsel and then indemnified by the County of Hawai'i.

## II. This Court Should Appoint a Representative to Defend the Suit in Place of the Deceased Defendants Pursuant to Hawai'i Law

This Court should appoint a representative to defend the suit in the place of deceased Defendants Rodillas and Simao pursuant to Hawai'i law. In a § 1983 case, Congress has given this Court authority, pursuant to 42 U.S.C. § 1988, to borrow provisions of state law where necessary to provide a complete remedy so long as doing so is not inconsistent with federal law or policy. 42 U.S.C. § 1988; *Wilson*, 471 U.S. at 268 (1985); *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015).

Following this command, federal courts around the United States, consistent with the law of the state in which they sit, have appointed representatives for parties who are deceased. *See, e.g.*, *Anderson v. Romero*, 42 F.3d 1121, 1124-25 (7th Cir. 1994) (appointing attorneys as special administrators after death of a plaintiff); *Stewart v. Special Administrator of the Estate of Mesrobian*, 559 F. App'x 543, 548-49 (7th Cir. 2015) (allowing appointment of an administrator where an estate had not been opened previously); *Slade for Estate of Slade v. U.S. Postal Serv.*, 952 F.2d 357, 360 (10th Cir. 1991) (substituting decedent's wife as plaintiff when no representative had been appointed); *Echavarria v. Roach*, No. 1:16-cv-11118, Doc. No. 92 (D. Mass. Apr. 28, 2017) (ordering defense counsel to identify an appropriate personal representative to defend case on behalf of deceased defendant in wrongful conviction case); *Deleon-Reyes v. Guevara*, No. 18-CV-01028, 2019 WL 1200348, at *2 (N.D. Ill. Mar. 14, 2019) (appointing personal representatives in wrongful conviction case).

Similarly, as discussed, Hawai'i law provides that a surviving cause of action may be continued against the legal representative of the deceased defendant's estates. HAW. REV. STAT. ANN. §§ 663-5, 634-61; In addition, Hawai'i law provides that a personal representative may be appointed by a court to sue and defend in the place of a deceased defendant. HAW. REV. STAT.

ANN. § 560:3-703(c); *see generally* HAW. REV. STAT. ANN. § 560:3-601 *et seq.* In addition, in the event that a personal representative has been terminated or cannot be appointed, Hawai'i law provides that a court may appoint a successor personal representative, HAW. REV. STAT. ANN. § 560:3-613, or a special administrator, HAW. REV. STAT. ANN. § 560:3-614.

Though Defendants did not file suggestions of death for these former officers, and setting aside whether this Court can consider counsel's declaration at the motion to dismiss stage, Defendant Rodillas died in July 2024, roughly 6 months before Plaintiffs filed their complaint in this case. Dkt. 20-1 at 11. Plaintiffs are unable to find any record of an estate being opened for Defendant Rodillas. Defendant Simao died in 2010, more than 13 years before Plaintiffs' claims accrued. *Id.* Defendant Simao died in Hilo County. Plaintiffs are unable to find any record of an estate being opened for Defendant Simao.

Given that Plaintiffs claims survive the deceased Defendants' deaths, and Hawai'i law provides that those claims can be pursued against the personal representative or a special administrator, Plaintiffs request that this Court appoint in place of the deceased Defendants a personal representative or a special administrator identified by counsel for Defendants. That appointee

6

will defend the case, consistent with Hawai'i law, in place of the deceased Defendants.

### III. In The Alternative, Assuming *Arguendo* the Court were to Find That Hawai'i Law Does Not Permit It to Appoint a Representative, Then It Should Instead Apply Federal Common Law to Appoint a Representative

In the alternative, and for the sake of the argument, if the Court were to hypothetically determine that Hawai'i law does not permit appointment of a special representative, then this Court should still appoint a representative to stand in the place of deceased Defendants as a matter of federal law. Under 42 U.S.C. § 1988, courts can only look to state law to fill the gap on a federal civil rights statute if the state law is not incompatible with federal law. If Hawai'i law is applied in a manner that prevents Plaintiffs from bringing long-standing and timely wrongful conviction claims, which survive the deceased Defendants' deaths, against a representative of those deceased Defendants, then 42 U.S.C. § 1988 provides that this Court must instead apply federal common law to appoint a representative for the purposes of this litigation.

Section 1983 was enacted to provide a federal remedy in situations where state law had proven insufficient to protect federal constitutional rights. *Monroe v. Pape*, 365 U.S. 167, 174 (1961) (explaining that a central aim of § 1983 was "to provide a federal remedy where the state remedy, though adequate in theory, was not available in practice"). The purpose of a § 1983

7

damages award is to compensate a plaintiff for injuries caused by the deprivation of constitutional rights. *Carey v. Piphus*, 435 U.S. 247, 254 (1978); *see also Burnett v. Grattan*, 468 U.S. 42, 53 (1984) ("The goals of the federal statutes are compensation of persons whose civil rights have been violated, and prevention of the abuse of state power."). Where the federal law is silent on a given issue, 42 U.S.C. § 1988 instructs that courts should apply state law to fill the gap, but only so long as the state law is not inconsistent with federal law or policy. *Hardin v. Straub*, 490 U.S. 536, 538 (1989) ("In enacting 42 U.S.C. § 1988 Congress determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law."). Section 1988 "asserts the predominance of the federal interest." *Burnett*, 468 U.S. at 48 (citations omitted).

Thus, in situations where state law is consistent with federal law or policy, state law can be applied in order to effectuate a § 1983 cause of action. However, in a situation where a state law or the application of state law undermines the federal law embodied in § 1983 (and absent other federal statutory guidance), Congress has provided under § 1988 that courts must use federal common law to resolve legal questions, in favor of allowing the § 1983 action and effectuating the purposes of the federal civil rights laws. *City of Milwaukee v. Illinois & Michigan*, 451 U.S. 304, 313 (1981); *cf. Carlson v.*

*Green*, 446 U.S. 14, 24 (1980) (adopting underlying court's reasoning that "whenever the relevant state survival statute would abate a *Bivens*-type action brought against defendants whose conduct results in death, the federal common law allows survival of the action").

If this Court concludes Hawai'i law prevents Plaintiffs from bringing their claims against a representative of the deceased Defendants, then § 1983's goals of compensation and deterrence would be seriously frustrated. There is no question that Plaintiffs have plausibly stated deeply established constitutional claims against the deceased Defendants concerning, among other things, due process violations that caused their wrongful convictions. *See Carrillo & O'Connell v. Los Angeles*, 798 F.3d 1210, 1226-27 (9th Cir. 2015) (holding that has been clearly established for decades that a criminal defendant's due process rights are violated where officers knowingly use false evidence, including false testimony, to secure a conviction, and suppress material, exculpatory evidence). (Defendants' pending motions to dismiss do not challenge the sufficiency of Plaintiffs' pleadings concerning fabrication or suppression due process claims.)

As discussed above, these claims survive the death of the deceased Defendants. See *supra* Section I. Moreover, these claims are timely filed. *McDonough*, 139 S. Ct. at 2158.

These claims cannot be foreclosed by applying Hawai'i law in a way that prevents the appointment of a representative for the deceased Defendants. If necessary, this Court should appoint a representative, pursuant to 42 U.S.C. § 1988, as a matter of federal common law, to defend this case in the place of Deceased Defendants Francis Rodillas and Raymond Simao.

WHEREFORE, Plaintiffs respectfully request that this Court appoint a personal representative selected by Defendants' counsel to defend this suit in the place of deceased Defendants Francis Rodillas and Raymond Simao.

RESPECTFULLY SUBMITTED

DATED: April 15, 2025

ALBERT IAN SCHWEITZER &
SHAWN SCHWEITZER

By: /s/ David B. Owens

WILLIAM A. HARRISON
HARRISON LAW CENTER
1001 Bishop Street, Suite 2828
Honolulu, Hawaii 96813
(808) 523-7041
william@harrisonlawcenter.com

JONATHAN I. LOEVY*
STEVEN E. ART*
ISRAA ALZAMLI*
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, IL 60607
(312) 243-5900
*pro hac vice

DAVID B. OWENS*
LOEVY & LOEVY
Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
P.O. Box 85110,
Seattle, WA 98145-1110

## **CERTIFICATE OF SERVICE**

I, David B. Owens, certify that I filed the foregoing via the Court's CM/ECF system on April 15, 2025, effecting service on all counsel of record.

/s/David B. Owens