IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ALBERT IAN SCHWEITZER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF HAWAIʻI, *et al.*, <br><br> Defendants. | Case No. 25-cv-00025-DKW-RT <br><br> **ORDER DENYING DEFENDANTS' MOTION TO STAY** |

Before the Court is Defendants County of Hawaiʻi, Steven Guillermo, Paul Ferreira, Francis Rodillas, Raymond Simao, William Perreira, Benjamin T. Moszkowicz, and Reed K. Mahuna's (collectively "Defendants") motion to stay proceedings in the present case, pending resolution of Plaintiffs Albert Ian Schweitzer and Shawn Schweitzer's ("Plaintiffs") state court action or, alternatively, pending certification of questions of law to the Hawaiʻi Supreme Court. For the reasons set forth below, Defendants' motion is DENIED.

## BACKGROUND

By October 2023, the Circuit Court of the Third Circuit of the State of Hawaiʻi had vacated Plaintiffs' convictions for manslaughter, kidnapping, and sexual assault, crimes for which they had spent more than 25 years in prison. Dkt. No. 1 ¶ 12; Dkt.

1

No. 38-1 at 4 (citing Exhs. A and B); *see also Hawai'i Police Dep't, Cnty. of Hawai'i v. Kubota*, 155 Haw. 136, 141 (2024). By mid-2024, following their release, Plaintiffs filed petitions in Hawai'i state court, seeking compensation for their alleged wrongful imprisonment, pursuant to Hawai'i Revised Statutes ("HRS") § 661B. Dkt. No. 38-1 at 4 (citing Exhs. A and B). Section 661B provides that "[a]ny person convicted in a court of the State and imprisoned for one or more crimes of which the person was actually innocent" may seek damages from the State of Hawai'i ("the State"). HRS § 661B-1(a). As relevant here, Section 661B further provides that:

> Notwithstanding any other law, including the common law, to the contrary, this chapter sets forth the exclusive remedy for any person seeking compensation of any kind or nature whatsoever, as a result of, related to, or arising from a conviction and imprisonment for crimes for which the person was actually innocent. This section shall be strictly construed in favor of any person against whom a claim is asserted, and against the person asserting the claim.

HRS § 661B-7(a). Plaintiffs state court action pursuant to Section 661B names only the State as a defendant, remains pending, and is presently awaiting trial. Dkt. No. 38-5 at 1-2.

On January 21, 2025, Plaintiffs filed the present action against the County and individual police officers and local officials, asserting various due process, *Monell* and other claims under 42 U.S.C. § 1983 and malicious prosecution, intentional and negligent infliction of emotional distress, conspiracy, abuse of process, *respondeat*

2

*superior*, and indemnification claims under Hawaiʻi state law.  Dkt. No. 1 ¶¶ 104-173.[1]

On June 30, 2025, Defendants filed the present motion to stay, asserting that (1) the Court should abstain from deciding Plaintiff's complaint because, pursuant to *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941), Plaintiffs' federal claims touch upon a sensitive issue of state law—namely whether Section 661B's exclusive remedy precludes recovery under federal statutes; (2) a stay would allow the Court to certify questions of Section 661B's scope to the Hawaiʻi Supreme Court; and (3) the Court should exercise its inherent power to stay the case so as to prevent two substantially similar lawsuits from proceeding simultaneously.  Dkt. No. 38-1 at 9-26.

Plaintiffs responded, arguing that (1) abstention is not warranted because Section 661B is only an exclusive remedy for claims against the State and does not conflict with federal claims; (2) Plaintiffs would be prejudiced by an indefinite stay; and (3) certifying questions to the Hawaiʻi Supreme Court was unnecessary.  Dkt. No. 45 at 8–26.

---

[1] In March 2025, Defendants moved to dismiss the complaint.  Dkt. No. 20.  That motion remains pending.

On August 18, 2025, Defendants replied, substantially repeating their arguments concerning their interpretation of Section 661B-7 and the appropriateness of certification. Dkt. No. 49.

## DISCUSSION

Defendants present three grounds for a stay: (1) the Court should abstain pending resolution of state court proceedings under the *Pullman* doctrine; (2) a stay would permit the Court to certify questions to the state Supreme Court; and (3) a stay is warranted under the Court's inherent power for reasons of judicial economy. The Court addresses each in turn.

### I.    *Pullman* Doctrine

"The *Pullman* abstention doctrine is a narrow exception to the district court's duty to decide cases properly before it which allows postponements of the exercise of federal jurisdiction when 'a federal constitutional issue . . . might be mooted or presented in a different posture by a state court determination of pertinent state law.'" *C-Y Dev. Co. v. City of Redlands*, 703 F.2d 375, 377 (9th Cir. 1983) (quoting *Cty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 189 (1959)). *Pullman* abstention is appropriate where:

> (1) the case touches on a sensitive area of social policy upon which the federal courts ought not enter unless no alternative to its adjudication is open, (2) constitutional adjudication plainly can be avoided if a definite ruling on the state issue would terminate the controversy, and (3) the proper resolution of the possible determinative issue of state law is uncertain.

4

*Courthouse News Serv. v. Planet*, 750 F.3d 776, 783–84 (9th Cir. 2014) (citation omitted). *Pullman* is not an automatic rule but rather "a discretionary doctrine that flows from the court's equity powers." *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 889 (9th Cir. 2011). "Because a federal district court generally has a duty to decide cases properly before it, . . . abstention from the exercise of federal jurisdiction is the exception, not the rule." *Sederquist v. City of Tiburon*, 590 F.2d 278, 280 (9th Cir. 1978) (internal quotation marks and alterations omitted); *see also Peridot Tree, Inc. v. City of Sacramento*, 94 F.4th 916, 926 (9th Cir. 2024) ("Abstention remains . . . an extraordinary and narrow exception to the duty of a [d]istrict [c]ourt to adjudicate a controversy properly before it." (internal quotation marks omitted)).

      Here, Plaintiffs argue that *Pullman* abstention is inappropriate because, among other reasons, Defendants fail to meet the test's second prong. The Court agrees.

      When analyzing the second prong of *Pullman*, "[t]he assumption which justifies abstention is that a federal court's erroneous determination of a state law issue may result in premature or unnecessary constitutional adjudication, and unwarranted interference with state programs and statutes." *Pue v. Sillas*, 632 F.2d 74, 79 (9th Cir. 1980). Because of this, "[a] state law question that has the potential of at least altering the nature of the federal constitutional questions is . . . an essential

element of *Pullman* abstention." *C-Y Dev. Co.*, 703 F.2d at 378; *see also Bellotti v. Baird,* 428 U.S. 132, 146–47 (1976) ("[A]bstention is appropriate where [resolution by state courts] . . . might avoid in whole or in part the necessity for federal constitutional adjudication, or at least materially change the nature of the problem." (internal quotation marks omitted)). Thus, the state-law question must be sufficiently relevant to the issues in the federal action "such that construction of it by the state courts might obviate, or at least delimit, decision of the federal (constitutional) question." *C-Y Dev. Co.*, 703 F.2d at 379; *see also Burdick v. Takushi*, 846 F.2d 587, 588 (9th Cir. 1988) (holding that to justify *Pullman* abstention, "a definitive ruling on the state issue must potentially obviate the need for constitutional adjudication by the federal court"); *Lomma v. Connors*, 539 F. Supp. 3d 1094, 1102 (D. Haw. 2021) (finding the second *Pullman* prong satisfied where a state-court ruling would "void and dispense of the need to address [the federal] constitutional issues").

Defendants argue that Plaintiffs' pending state-court action pursuant to Section 661B threatens to materially alter the federal action. Dkt. No. 38-1 at 13-17. Upon closer examination, however, there appears to be little overlap between Plaintiffs' state-court case and the present one. The state-court action, first of all, names only the State and includes none of the individual or county-government Defendants in this action. Dkt. No. 38-5 at 1-2. Moreover, Plaintiffs filed suit in

state court pursuant solely to Section 661B, which provides relief for "[a]ny person convicted in a court of the State and imprisoned for one or more crimes of which the person was actually innocent." HRS § 661B-1(a). This constitutes a markedly different cause of action than the Section 1983 and state-court claims Plaintiffs present here, which depend upon different sets of facts (*e.g.* the acts of individual defendants) and standards of proof. *Compare Castro v. Melchor*, No. 07-CV-00558 (LEK), 2012 WL 4092425, at *13 (D. Haw. Sept. 14, 2012) (finding *Pullman* requirements met because claims in the pending state-court action closely mirrored those in the federal action, being brought against the same defendants "based on the same conduct") *with D.T. v. Christ*, 552 F. Supp. 3d 888, 900 (D. Ariz. 2021) (denying *Pullman* abstention because, in part, "none of the [p]laintiffs in the state cases raised the same issues that are in dispute in the case at bar").

Defendants point to Plaintiffs' state-court action and the purported ambiguities present in Section 661B to justify abstention. But neither a pending state-court lawsuit nor an allegedly unclear state statute alone are persuasive. *See Nichols v. Stanislaus Cnty. Superior Ct.*, No. 08-CV-01338 (TAG)(HC), 2008 WL 5114589, at *1 (E.D. Cal. Dec. 4, 2008) ("[A]bstention is not required merely by virtue of the pendency of a related state action."); *see also Betts v. Reliable Collection Agency, Ltd.*, 422 F. Supp. 1140, 1144 (D. Haw. 1976) (declining to abstain where defendant "merely suggested that the statute is ambiguous" without

7

indication that the state-court action would change the nature of the federal case). Rather, abstention is appropriate only "[w]here there is an action pending in state court *that will likely resolve the state-law questions underlying the federal claim*." *Harris Cty. Comm'rs Ct. v. Moore*, 420 U.S. 77, 83 (1975) (emphasis added). Here, it is not clear that the state-law questions raised by Defendants surrounding the interpretation of recently-enacted Section 661B underlie, or perhaps even undermine, Plaintiffs' federal claims or would serve to resolve them, given the above-mentioned distinctions in their scope, involved parties, and causes of action. *See Ralph Rosenberg Ct. Reps., Inc. v. Fazio*, 811 F. Supp. 1432, 1438 (D. Haw. 1993) (declining to abstain where a ruling on matters of state law was "not likely [to] have any effect on the resolution of the federal questions"); *see also Hawaiian Navigable Waters Pres. Soc. v. State of Hawaii*, 823 F. Supp. 766, 770 (D. Haw. 1993) (declining to abstain because the federal claims were "much broader" than the purportedly sensitive state-law issue and, therefore, resolution of the state-law issue would not "obviate the need for adjudication by this court of plaintiffs' [federal] constitutional claims").

In short, the Court is unconvinced that resolution of Plaintiffs' state-law action would "reduce the contours of the [federal] litigation", as the second prong of

*Pullman* requires. *Smelt v. Cnty. of Orange*, 447 F.3d 673, 679 (9th Cir. 2006) (internal quotation marks omitted).[2]

## II.  Certification to the State Supreme Court

"The Supreme Court of the United States has approved of the limited use of certified questions to state supreme courts when a federal court case involves an important question of state law which is both unclear under state legal precedent and would be determinative in the instant case." *Pai 'Ohana v. United States*, 875 F. Supp. 680, 699 (D. Haw. 1995) (collecting cases). "This court may certify a question to the Hawaii Supreme Court when: (a) there is a question concerning Hawaii law; (b) the question is determinative of the cause; and (c) there is no clear controlling precedent in Hawaii judicial decisions." *Hawaii Pac. Health v. Takamine*, No. 11-CV-00706 (SOM), 2013 WL 1858554, at *3 (D. Haw. May 1, 2013). "Even where state law is unclear, resort to the certification process is not obligatory," *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1009 (9th Cir. 2009), but rather "rests

---

[2] Because the Court has determined that Defendants failed to satisfy the second prong of the *Pullman* test, the Court declines to address the remaining elements or the parties' further arguments regarding abstention. *See Porter v. Jones*, 319 F.3d 483, 492 (9th Cir. 2003) ("[T]he absence of any one of [the] three factors is sufficient to prevent the application of *Pullman* abstention."); *see also Beeman v. TDI Managed Care Servs., Inc.*, No. 02-CV-1327 (VAP)(SGLX), 2007 WL 9780513, at *3 (C.D. Cal. Jan. 30, 2007) ("Having concluded that the first *Pullman* element is not met, the [c]ourt does not reach the remaining elements.").

in the sound discretion of the district court," *Eckard Brandes, Inc. v. Riley,* 338 F.3d 1082, 1087 (9th Cir. 2003) (internal quotation marks omitted).

Defendants propose certifying the question of whether Section 661B-7 precludes wrongfully-imprisoned plaintiffs from any other form of recovery, arguing that this constitutes a matter of first impression, requiring the voice of the Hawaiʻi Supreme Court. Dkt. No. 38-1 at 18-21. While the language of Section 661B might pose novel issues, given the statute's recent adoption and the limited case law interpreting it since, the Court disagrees that certification is warranted.

It is true that the question Defendants advance regarding Section 661B has not yet been answered by Hawaiʻi's courts—this Court's research has found no precedent directly addressing the preclusive nature of Section 661B-7. However, certification requires not merely an undecided issue, but one that is determinative for the case at hand. *See Kyne v. Ritz-Carlton Hotel Co.*, 835 F. Supp. 2d 914, 924 (D. Haw. 2011) (noting that courts should certify questions "where potential interpretations of [a state] statute would have avoided or substantially modified the constitutional challenge at issue"). Here, as noted above (*see* Discussion, Section I, *supra*), Plaintiffs' state-court litigation pursuant to Section 661B has little in common with their present case, either in the claims presented or the defendants pursued. There may or may not be ambiguity in how Section 661B-7 is written, but this alleged lack of clarity does not warrant certification where the question has

10

limited impact on Plaintiffs' claims. *See Lehman Bros. v. Schein*, 416 U.S. 386, 390 (1974) ("Mere difficulty in ascertaining local law is no excuse for remitting the parties to a state tribunal for the start of another lawsuit."). Moreover, while the Court has no doubt that the Hawaiʻi Supreme Court could answer Defendants' question(s), this Court can too. Matters of statutory interpretation are far from unique, and there is no need to delay these proceedings to ask the Hawaiʻi Supreme Court to address issues that are the responsibility of this Court to address.

### III. Inherent Power to Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

Where pending proceedings bear on the case at hand, a court may issue a stay if it determines such a stay is in the interest of judicial efficiency and fairness to the parties. *See Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The Ninth Circuit has set out the following framework for analyzing motions to stay pending resolution of related matters:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to

> grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see also Dependable Highway Express v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007).

The party seeking to stay the proceedings carries "the burden of establishing its need." *Clinton*, 520 U.S. at 708 (citing *Landis*, 299 U.S. at 255). "If there is even a fair possibility that the stay will work damage to some one [sic] else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway Express*, 498 F.3d at 1066 (citing *Landis*, 299 U.S. at 255) (internal quotation marks omitted).

Defendants request the Court to make use of its inherent power to stay the case, pending resolution of Plaintiffs' state-court action, arguing that benefits to judicial economy outweigh any costs to Plaintiffs. Dkt. No. 38-1 at 22-26. With an eye on the aforementioned principles, the Court disagrees.

First, with regards to the possible damage resulting from a stay, Defendants argue that Plaintiffs have already received discovery in their state-court action and, therefore, there is no risk of prejudice to Plaintiffs in staying the present case. Dkt. No. 38-1 at 23. As noted previously (*see* Discussion, Section I, *supra*), however,

12

Plaintiffs' state-court case relies exclusively on Section 661B, which provides a remedy against the State upon showing a plaintiff was convicted despite actual innocence. HRS § 661B-7(a). The discovery required for Plaintiffs to make their claims in the present case will likely differ, perhaps substantially, from that provided in the state-court case, given that Section 1983 liability, for instance, bears little obvious resemblance to the actual innocence determination necessary to Section 661B liability. The scope of damages under the two referenced statutory schemes targeting two different sets of defendants is also unlikely to overlap, meaning the damages discovered in one case is not likely to have much of an impact on the damages discovery needed in the other. And, as Plaintiffs point out, the conduct at issue occurred decades in the past. All of this amounts to an increasing risk that evidence or testimony might be lost were a stay to be imposed—three individuals Plaintiffs cite as potential witnesses have already died prior to Plaintiffs filing suit. Dkt. No. 45 at 19; *see also I.K. ex rel. E.K. v. Sylvan Union Sch. Dist.*, 681 F. Supp. 2d 1179, 1191, 1193 (E.D. Cal. 2010) (citing "delay in obtaining money damages" and "the inability, during the stay, to conduct timely discovery and gather evidence" as prejudicial to plaintiffs opposing a stay). That Plaintiffs may have already received some discovery in the state case does little to ameliorate this risk. The risk of harm factor therefore favors Plaintiffs.

13

Second, Defendants argue that they will suffer unnecessary hardship if forced to litigate this action simultaneous with the state-court action, as litigating the same claims in two forums would provide Plaintiff "significant advantages." Dkt. No. 38-1 at 23-24.  Defendants do not elaborate on the nature of these "advantages," but the Court disagrees regardless.  As already noted, the current action differs significantly from the state-court action.  The mere fact that Defendants must litigate in two different but distinct actions is not enough to demonstrate hardship.  *See Espire Ads LLC v. TAPP Influencers Corp.*, No. 23-CV-1347 (MWF)(MAAx), 2023 WL 4247193, at *4 (C.D. Cal. May 10, 2023) (holding that "merely having to litigate two actions, and thereby incur the financial burden of a two-front war, is not sufficient to demonstrate a clear case of hardship" where the different actions differ in their defendants, claims, and causes of action).  Absent any showing of substantial prejudice to Defendants, this factor also favors Plaintiffs.

Finally, the Court considers "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254–55).  Defendants argue that a stay would simplify the issues in this case, as it would allow the state-court action to resolve questions of law concerning Section 661B and provide the discovery Plaintiffs require.  Dkt. No. 38-1 at 24.  Again, these arguments are unpersuasive because they ignore the differences between the state-

14

court action and the one before this Court.  Neither the questions concerning Section 661B nor the discovery required in the state-court action bear so strongly on Plaintiffs' present claims that they are likely to simplify many or any issues before this Court.  *Cf. Landis*, 299 U.S. at 256 (holding that although a decision of the pending case "may not settle every question of fact and law" in suits in other states, "in all likelihood it will settle many and simplify them all").  Because of this, the orderly-course factor also favors Plaintiffs.

Having considered the relevant factors, the Court does not find that exercising its discretion in favor of a stay is warranted.

## **CONCLUSION**

For the reasons stated, Defendants' motion to stay, Dkt. No. 38, is DENIED.

IT IS SO ORDERED.

Dated: October 9, 2025 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

Albert Ian Schweitzer, et al vs. County of Hawaii, et al; Civil No. 25-00025 DKW-RT; ORDER DENYING DEFENDANTS' MOTION TO STAY