IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ALBERT IAN SCHWEITZER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF HAWAIʻI, *et al.*,<br><br>Defendants. | Case No. 25-cv-00025-DKW-RT<br><br>**ORDER CERTIFYING QUESTIONS OF LAW TO THE HAWAIʻI SUPREME COURT; CERTIFICATE OF QUESTIONS** |

## INTRODUCTION

The Court certifies the following questions of law to the Hawaiʻi Supreme

Court under Hawaiʻi Rule of Appellate Procedure ("HRAP") 13(a):

1) Does the exclusivity provision of Haw. Rev. Stat. § 661B-7(a) preclude claims of compensation only against the State of Hawaiʻi, or does it also preclude such claims against other persons, including State employees, Counties, and County employees;

2) Does the exclusivity provision of Haw. Rev. Stat. § 661B-7(a) preclude claims of compensation brought solely under other State law, or does it also preclude such claims brought under federal law, such as 42 U.S.C. Section 1983; and

3) At what point in time does the preclusion under Haw. Rev. Stat. § 661B-7(a) take effect—when a claimant files suit for compensation under the statute, when compensation is awarded or accepted, or at some other time?

1

When certifying a question of law to the Hawai'i Supreme Court, HRAP 13 offers the following guidance:

> When a federal district or appellate court certifies to the Hawai'i Supreme Court that there is involved in any proceeding before it a question concerning the law of Hawai'i that is determinative of the cause and that there is no clear controlling precedent in the Hawai'i judicial decisions, the Hawai'i Supreme Court may answer the certified question by written opinion.

HRAP 13(a).  This Order describes the current posture of this litigation and explains why the questions identified above meet Rule 13(a)'s standards.

## BACKGROUND AND ANALYSIS

### I.   Factual and Procedural Background[1]

In 2024, Plaintiffs Albert Ian Schweitzer and Shawn Schweitzer filed claims in Hawai'i state court against the State of Hawai'i, seeking compensation for alleged wrongful imprisonment.  Dkt. No. 38-1 at 4 (Case ID Nos. 3CSP-23-0000003 and 3CSP-23-0000017, attached thereto as Exhs. A and B).  Plaintiffs sued pursuant to Haw. Rev. Stat. ("HRS") § 661B, which provides that "[a]ny person convicted in a court of the State and imprisoned for one or more crimes of which the person was

---

[1]Additional procedural and factual background is set forth in the October 9, 2025 Order denying a stay, Dkt. No. 50. Only the background necessary to understand the Court's certification request is set forth herein.

2

actually innocent" may seek damages from the State of Hawai'i ("the State").  HRS § 661B-1(a).  Section 661B further states, *inter alia*, that:

> Notwithstanding any other law, including the common law, to the contrary, this chapter sets forth the exclusive remedy for any person seeking compensation of any kind or nature whatsoever, as a result of, related to, or arising from a conviction and imprisonment for crimes for which the person was actually innocent. This section shall be strictly construed in favor of any person against whom a claim is asserted, and against the person asserting the claim.

HRS § 661B-7(a).  Plaintiffs' state court actions pursuant to Section 661B name only the State as a defendant, remain pending, and are presently awaiting trial.  *See* Dkt. No. 38-5 at 1-2.

On January 21, 2025, Plaintiffs filed the present action against the County of Hawai'i and various individual police officers and local officials ("Defendants"), asserting various due process, *Monell* and other claims under 42 U.S.C. § 1983 and malicious prosecution, intentional and negligent infliction of emotional distress, conspiracy, abuse of process, *respondeat superior*, and indemnification claims under Hawai'i state law.  Dkt. No. 1 ¶¶ 104-173.

Of particular importance here is that, on March 28, 2025, Defendants moved to dismiss. In that motion, Defendants argued, *inter alia*, that the exclusivity provision of Section 661B precluded Plaintiffs from recovering on their state and federal claims as against the County and its employees, including law enforcement officers.  Dkt. No. 20 at 5–11.  On March 27, 2026, after a hiatus during which the

3

parties attempted resolution at the Court's direction, the Court ordered the parties to provide supplemental briefing[2] with respect to the exclusivity provision, whether related issues should be certified to the Hawaiʻi Supreme Court and, if so, what specific questions the Court should certify.  Dkt. No. 71.  The parties have since responded, Dkt. Nos. 75 & 76, and the Court addresses their arguments below with an eye towards the requirements of HRAP 13(a).

## II.    Scope and Applicability of the Section 661B Exclusivity Provision

As set forth above, before certifying a question of law to the Hawaiʻi Supreme Court, there must be (1) "a question concerning the law of Hawaiʻi," that is (2) "determinative of the cause," and (3) "no clear controlling precedent in the Hawaii judicial decisions."  HRAP 13(a).  Additionally, "[i]n prior cases where this district court has certified questions to the Hawaiʻi Supreme Court, the court has noted that: 1) there was no Hawaiʻi law interpreting the Hawaiʻi statute at issue; 2) there was no uniformity among decisions of other states interpreting similar statutes; and 3) it was prudent to allow the Hawaiʻi Supreme Court to address the significant issue of first impression."  *Villon v. Marriott Hotel Servs., Inc.*, No. 08-CV-00529 (LEK), 2011 WL 4047373, at *6 (D. Haw. Sept. 8, 2011).  The Court recognizes that "resort to the certification process is not obligatory," *Riordan v. State Farm Mut. Auto. Ins.*

---

[2]The parties had previously addressed certification in their briefing on Defendants' motion to stay.  Dkt. Nos. 38 & 45.  The Court considered these arguments and declined both certification and a stay at that time.  Dkt. No. 50.

4

*Co.*, 589 F.3d 999, 1009 (9th Cir. 2009), but rather "rests in [its] sound discretion" *Eckard Brandes, Inc. v. Riley,* 338 F.3d 1082, 1087 (9th Cir. 2003) (internal quotation marks omitted).

The parties here do not agree on certification. Defendants argue that certification is necessary to resolve the question of whether Section 661B precludes Plaintiffs' claims and, because the scope of the statute's exclusivity is both a matter of first impression and an issue that is likely to recur, that first impression should prudentially come from the Hawai'i Supreme Court. Dkt. No. 76. More specifically, Defendants maintain that the plain language of the exclusivity provision bars *any* claim not brought under Section 661B, and also bars claims against *any person*— such as the County and the individual County employees sued in this action. *Id*. at 3–4. Under this construction, a plaintiff's choice to pursue claims under Section 661B essentially waives their right to seek relief pursuant to other claims, "including federal claims under 42 U.S.C. § 1983," *id*. at 8–9, and this waiver is triggered at the moment a plaintiff files an action pursuant to Section 661B, *id*. at 9–10. Whether the statute can be so construed is determinative of this action because, according to Defendants, Plaintiffs "have already availed themselves of [Section] 661B's compensation process" by filing suit in state court a year prior to doing so in this court, and a holding that the exclusivity provision "operates as a waiver would likely necessitate the dismissal of this [federal] action." *Id*. at 8.

5

Plaintiffs assert that the exclusivity provision of Section 661B is inapplicable to their claims in federal court and that this is sufficiently plain that certification is unnecessary. Dkt. No. 75. To the extent that Section 661B bars claims for relief, it does so only with respect to claims against *the State*, not to other persons, such as the Defendants here. *Id*. at 7. Moreover, Plaintiffs sharply disagree with Defendants' proposal that Section 661B's purported waiver could "eliminate federal claims against non-State entities at the mere inception of a [Section] 661B action." *Id*. at 6. As for certification, Plaintiffs argue that the language of Section 661B and supporting case law are enough for the Court to decide the present issues without reliance on the Hawai'i Supreme Court. *Id*. at 5–7.

The questions before this Court amount to the following: whether the exclusivity provision of Section 661B applies merely to the State or also to other persons and, regardless to whom it applies, whether it bars, as a waiver or otherwise, only State law claims or all claims. In addition, whomever and whatever it bars, *when* is that bar is triggered—when a plaintiff files suit seeking compensation under Section 661B, when compensation resulting from such suit is awarded or accepted, or at some other point in time. The parties agree that these are pure questions of law, not contingent on the facts of this case.

6

Because the Court concludes that these questions meet the requirements of HRAP 13(a), it so certifies them to the Hawai'i Supreme Court for consideration and adjudication.

With respect to the first requirement of HRAP 13(a), all three identified issues concern the law of Hawai'i, given that all turn on the interpretation of a recently-enacted Hawai'i state statute. *See Smith v. Cutter Biological, Inc.*, 911 F.2d 374, 375 (9th Cir. 1990) ("We do not think it is appropriate to substitute our judgment on the interpretation of a Hawaii statute for the judgment of the Hawaii Supreme Court.").

For the second requirement, "[t]he Hawaii Supreme Court has not specifically decided the exact contours of the phrase 'determinative of the cause' under HRAP 13(a)." *Bolos v. Waldorf=Astoria Mgmt. LLC*, No. 23-CV-00104 (JMS)(KJM), 2025 WL 3177399, at *6 (D. Haw. Nov. 13, 2025). However, "it probably means that the Hawaii Supreme Court will not answer[] questions that may not be necessary to the resolution of some or all of the claims in the case." *In re Ho*, No. 10-03596, 2017 WL 1323406, *2 (Bankr. D. Haw. Apr. 7, 2017).

Here, the questions at issue are determinative of Plaintiffs' claims. If Section 661B precludes claims against defendants other than the State, including federal claims, then Plaintiffs' present action cannot proceed. Moreover, if the exclusivity provision is triggered at the moment a claim pursuant to Section 661B is filed, then

the Court must *immediately* dismiss the present case, since both Plaintiffs already initiated Section 661B compensation proceedings in 2024 in Third Circuit Court. If, instead, the bar applies at a later point in the State court litigation—for example, at the moment Plaintiffs accept compensation pursuant to Section 661B—then this action would presumably continue until the bar-triggering point was reached. The questions here are therefore determinative of whether Plaintiffs' claims may be pursued and, if so, to what point. Accordingly, the Court finds that the second HRAP 13(a) requirement is satisfied.

Finally, there is no clear controlling precedent that would allow the Court to decide the issues here without certification. First, there have been no decisions by Hawaiʻi courts that answer the present questions. Plaintiffs cite to *Jardine v. State*, 155 Haw. 60 (2024), a case in which the Hawaiʻi Supreme Court interpreted Section 661B. The analysis in *Jardine*, however, was limited to determining the burden of proof for claims under Section 661B—the decision does not address the exclusivity provision, its scope, its applicability to non-State defendants, or its trigger. *Id.* at 71. Given that these are issues of first impression, and issues that are likely to re-occur in the wrongful imprisonment context, it would be prudent to allow the Hawaiʻi Supreme Court the opportunity to answer them. *Davis v. Four Seasons Hotel Ltd.*, No. 08-CV-00525 (HG)(LEK), 2009 WL 1607534, at *2 (D. Haw. June 2, 2009), *certified question answered*, 122 Haw. 423, 228 P.3d 303 (2010) ("The Court

8

believes it is prudent for the Hawaii Supreme Court to address the unresolved issue . . . as this is an issue of first impression.").

Furthermore, there is no uniformity among the decisions of other courts facing similar statutes. While other states have adopted wrongful imprisonment statutes, some of which contain exclusivity provisions, there has been scant caselaw concerning the questions raised here. The only persuasive example provided by Defendants is that of *Brown v. City of Houston*, in which a federal court examining Texas' non-identical wrongful imprisonment statute concluded that the statute's exclusivity provision "bar[red] lawsuits filed before an individual receives compensation under that Act," including federal Section 1983 claims. 538 F.Supp.3d 725, 735 (S.D. Tex. 2021), *aff'd*, 65 F.4th 774 (5th Cir. 2023). Otherwise, neither the parties nor the Court have found other authority that would guide the resolution of the issues here. *See DW Aina Le'a Dev., LLC v. State of Hawai'i Land Use Comm'n*, 918 F.3d 602, 606 (9th Cir. 2019), *certified question answered*, 148 Haw. 396, 477 P.3d 836 (2020) (certifying where "given the sparse Hawai'i case law and the variety of approaches taken in other jurisdictions, we are unable to conclude with any certainty" the question of Hawai'i law); *Takushi v. BAC Home Loans Servicing, LP*, No. 11-CV-00189 (LEK)(KSC), 2011 WL 13129739, at *1 (D. Haw. Dec. 9, 2011) ("The court, however, should not certify questions when the

answer is reasonably clear and the court can, using its best judgment, predict how the Hawaii Supreme Court would decide the issue.").

All conditions of HRAP 13(a) are satisfied.  The issues here are important questions of Hawaiʻi law, determinative of the claims now before this Court, and without any answer found in controlling precedent.  Under these circumstances, the Hawaiʻi Supreme Court is best-suited to resolve these questions at this time, providing guidance not only in this case but also to future courts and litigants that may need to address similar issues.

## **CONCLUSION**

For the foregoing reasons, the Court certifies the following questions of Hawaiʻi law to the Hawaiʻi Supreme Court:

> 1) Does the exclusivity provision of Haw. Rev. Stat. § 661B-7(a) preclude claims of compensation only against the State of Hawaiʻi, or does it also preclude such claims against other persons, including State employees, Counties, and County employees;
>
> 2) Does the exclusivity provision of Haw. Rev. Stat. § 661B-7(a) preclude claims of compensation brought solely under other State law, or does it also preclude such claims brought under federal law, such as 42 U.S.C. Section 1983; and
>
> 3) At what point in time does the preclusion under Haw. Rev. Stat. § 661B-7(a) take effect—when a claimant files suit for compensation under the statute, when compensation is awarded or accepted, or at some other time?

This Court's "phrasing of the question[s] should not restrict the [Hawaiʻi Supreme Court's] consideration of the problems and issues involved. The [Hawaiʻi Supreme Court] may reformulate the relevant state law questions as it perceives them to be, in light of the contentions of the parties." *Allstate Ins. Co. v. Alamo Rent-A-Car, Inc.,* 137 F.3d 634, 637 (9th Cir. 1998) (brackets, citation and quotation marks omitted).

Attached to this Order is a formal "Certificate of Questions" as required by HRAP 13(b), which will also be filed separately in the Court's docket. The Certificate incorporates by reference this Order to fulfill Rule 13(b)'s requirement to include "a statement of prior proceedings in the case, a statement of facts showing the nature of the cause, the question[s] of law to be answered, and the circumstances out of which the question arises."

IT IS SO ORDERED.

Dated: May 7, 2026 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

---

Albert Ian Schweitzer, et al v. County of Hawaii, et al; Civil No. 25-00025 DKW-RT; **ORDER CERTIFYING QUESTIONS OF LAW TO THE HAWAIʻI SUPREME COURT**

11